IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB DRUMMONDO-FARIAS (1),<br><br>Defendant. | CR. NO. 12-00174 JMS-1<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2), ECF NO. 393 |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2), ECF NO. 393

### I. INTRODUCTION

Defendant Jacob Drummondo-Farias ("Defendant"), appearing pro se, has filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 782 and 821," ECF No. 393 ("Motion for Sentence Reduction").  Defendant contends he is eligible for a reduction in his sentence under Amendments 782 and/or 821 to the United States Sentencing Guidelines ("Guidelines").  *Id.* at PageID.3699–3700.  He also argues that, in considering "relevant conduct" for a revised sentence, his trial attorney was constitutionally ineffective in failing to communicate an offer of a plea agreement.  *Id.* at PageID.3701–3702.  Based on the following, the court concludes that

Defendant is eligible for a reduced sentence under Amendment 782, but not under Amendment 821. The court cannot consider his argument that his trial counsel was ineffective, as such an argument must be made in a proceeding under 28 U.S.C. § 2255.

After consideration of the 18 U.S.C. § 3553(a) factors, the court reduces Defendant's sentence from 324 months to a new sentence of 288 months (with a ten-year term of supervised release as previously imposed).

## II. BACKGROUND

Defendant was convicted by a jury on November 14, 2013, of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine). *See* ECF Nos. 240 (jury verdict), 259 (judgment). On February 27, 2014, the court sentenced him to a 324-month term of imprisonment, followed by a ten-year term of supervised release. ECF No. 259 at PageID.1362–1363. On August 5, 2015, the Ninth Circuit upheld his conviction and sentence, and the Supreme Court denied certiorari on January 27, 2016. *See United States v. Drummondo-Farias*, 622 F. App'x 616 (9th Cir. Aug. 6, 2015) (mem.), *cert. denied*, 577 U.S. 1109 (2016). On January 18, 2017, Defendant filed a Motion under 28 U.S.C. § 2255, ECF No. 307, which the court denied on June 1, 2018. *See* ECF No. 339; *United States v. Drummondo-Farias*, 2018 WL 2471449 (D. Haw. June. 1, 2018). On

April 25, 2019, the Ninth Circuit denied a request for a certificate of appealability. *See* ECF No. 352; *United States v. Drummondo-Farias*, 2019 WL 2912211 (9th Cir. Apr. 25, 2019).[1]

Defendant filed this Motion for Sentence Reduction on May 29, 2025, ECF No. 393, and the government filed its Response on June 13, 2025, ECF No. 396. The court decides the matter without a hearing pursuant to Criminal Local Rule 12.2(a)(1).

### III. ANALYSIS

**A.   Legal Standards**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress, however, provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This "represents a

---

[1] Defendant also filed two Motions for Compassionate Release, ECF Nos. 363, 377, which the court denied on May 19, 2020, and on July 31, 2020. *See* ECF Nos. 369, 378. The Ninth Circuit affirmed both denials on August 6, 2021. *See* ECF No. 391. Defendant also filed a petition under 28 U.S.C. § 2241 in the Central District of California on July 20, 2019, which was dismissed for lack of jurisdiction. *See Drummondo-Farias v. Ponce*, 2019 WL 6221399 (C.D. Cal. Oct. 2, 2019), *report and recommendation adopted*, 2019 WL 6218951 (C.D. Cal. Nov. 20, 2019).

congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

Congress empowered the Sentencing Commission "both with deciding whether to amend the Guidelines, and with determining whether and to what extent an amendment will be retroactive." *Id.* at 826 (internal citations omitted). Thus, courts are "constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'" *Id.* (quoting 28 U.S.C. § 994(u)).

In deciding a § 3582(c)(2) motion based on a retroactive amendment, courts follow a two-step process. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. This step requires determining the amended guideline range, that is, the range that would have been applicable to the defendant if the amendment was in effect when the defendant was originally sentenced. *Id.* In making this determination, courts are to substitute only the new amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guidelines application decisions unaffected." Guideline § 1B1.10(b)(1); *see also Dillon*, 860 U.S. at 827.

4

Step two of the § 3582(c)(2) inquiry is to consider any applicable § 3553(a) factors and determine, in the discretion of the court, whether any reduction authorized by the Guidelines amendment is warranted in whole or in part. *See Dillon*, 560 U.S. at 827; 18 U.S.C. § 3582(c)(1)(A).

"This circumscribed inquiry [under § 3582(c)(2)] is not to be treated as 'plenary resentencing proceedings.'" *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon*, 560 U.S. at 826). The appropriate use of a sentence modification under § 3582(c)(2) "is to adjust a sentence in light of a Guidelines amendment, so courts may not use such proceedings to reconsider a sentence based on factors unrelated to a retroactive Guidelines amendment." *Id*. (brackets and quotation marks omitted).

**B.     Application of Standards**

   *1.     Amendment 782*

"The guideline sentencing range for drug offenses is usually (but not always) 'determined under [Guideline] § 2D1.1(c), which correlates the length of the prison term with the quantity of drugs.'" *United States v. Avila*, 2015 WL 1622047, at *1 (D. Haw. Apr. 10, 2015) (quoting *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009)). "Amendment 782, which became effective November 1, 2014, generally revised the Drug Quantity Table in § 2D1.1 downward by two levels. The Sentencing Commission further provided that

Amendment 782 would apply retroactively to previously-sentenced defendants." *Id.* (citing Guideline §§ 1B1.10(d), (e)(1)).

In 2014 the court imposed a sentence of 324 months with a Guideline range of 324 to 405 months, based on a total Guideline offense level 39 and criminal history category III.  *See* ECF No. 353 at PageID.3295–3296; ECF No. 259 at PageID.1362.  Under Guideline § 2D1.1(c)(2) and because Defendant was held responsible for 889.9 grams of "ice," he had a base offense level of 36.[2]  ECF No. 258 at PageID.1337.  Amendment 782 reduced Defendant's base level to 34.  Thus, based on Amendment 782, Defendant's new guideline sentencing range is 262 to 327 months, based on a total offense level 37, criminal history category III.

### 2.    *Amendment 821*

Defendant also seeks a reduction based on Amendment 821—now set forth in Guideline § 4C1.1—"which provides a 2-level downward offense level adjustment for 'Certain Zero-Point Offenders'—that is, defendants with no criminal history whose offenses fit within the guideline's criteria." *United States v. Hernandez*, 2023 WL 8701094, at *1 (D. Haw. Dec. 15, 2023) (citing Guideline § 4C1.1(a)).

---

[2] In addition to a base offense level 36, Defendant received a 3-level increase based on his role in the offense under Guideline § 3B1.1(b).  *See* ECF No. 353 at PageID.3294–3296.

Defendant is not eligible under Amendment 821. Among other requirements, the zero-point offender reduction only applies if "the defendant did not receive any criminal history points from Chapter Four, Part A" and "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)." Guideline § 4C1.1(a)(1) and (a)(10). Here, Defendant had four criminal history points. *See* ECF No. 258 at PageID.1339–1341.[3] Moreover, Defendant was a manager or supervisor in the drug conspiracy, resulting in a three-point enhancement. *See id.* at PageID.1337; ECF No. 353 at PageID.3295. Amendment 821 thus provides no basis for a sentence reduction.

### 3.   *Ineffective Assistance of Counsel*

Finally, Defendant argues as an "additional basis" for the court to "evaluat[e] the fairness of his original sentence," ECF No. 393 at PageID.3701, 3702, that his trial counsel did not inform him of a "plea deal that was offered by the government prior to trial." *Id.* at PageID.3701–3702. He claims that such a failure constituted a "violation of his Sixth Amendment right to effective assistance of counsel." *Id.* at PageID.3701.

---

[3] In addition to the 4 criminal history points based on prior convictions, Defendant also received 2 criminal history points because he committed the instant offense while under a criminal justice sentence. ECF No. 258 at PageID.1341. Even though the Guidelines would no longer apply these two additional criminal history points, Defendant's criminal history category remains unchanged, whether he has 4 or 6 criminal history points. *See* Guideline § 4A1.1(e); Guideline sentencing table (setting forth that 4, 5, or 6 criminal history points results in a criminal history category III).

Such a claim of ineffective assistance of counsel, however, is a matter for a proceeding under 28 U.S.C. § 2255, and cannot be raised in this § 3582(c) proceeding, which is a proceeding limited to addressing amendments to the Sentencing Guidelines.  *See Dillon*, 560 U.S. at 827 (reiterating the "limited nature of § 3582(c) proceedings"); *Garcia v. United States*, 2012 WL 3217707, at *3 (C.D. Cal. Aug. 3, 2012) ("Courts have determined that a motion for a reduction of a sentence, codified in 18 U.S.C. § 3582(c)(2), is beyond the scope of a habeas petition.") (citation and internal quotation marks omitted); *cf. United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (reasoning that a motion under § 3582(c)(2) does not qualify as a motion under 28 U.S.C. § 2255 because it is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines") (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).  Accordingly, the court does not consider Defendant's arguments based on ineffective assistance of counsel.[4]

---

[4] Defendant has already filed a § 2255 motion in this court, which was denied in 2018.  *See* ECF No. 339; *Drummondo-Farias*, 2018 WL 2471449, at *27.  This court has no authority to construe his ineffective-assistance argument here as another (second or successive) § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) (requiring a second or successive § 2255 motion to be certified by a panel of the appropriate court of appeals).

### 4. *Resentence After Considering the § 3553(a) Factors*

Because Defendant's sentencing range has been reduced to 262 to 327 months, the court proceeds to the second step of the analysis and examines the § 3553(a) factors.

Here, as the court stressed during sentencing, there is one significant aggravating factor—the instant offense is Defendant's second federal drug conviction. In May 2004, Defendant was sentenced in the District of Hawaii to 108 months imprisonment based on convictions for two counts of possession with intent to distribute 5 grams or more of methamphetamine. ECF No. 258 at PageID.1339. Defendant began a term of supervised release in September 2010, which was revoked in February 2011 based on various violations, including failing to participate in substance abuse treatment and being untruthful with his probation officer. *Id*. at PageID.1339–1340; ECF No. 44 in Cr. No. 02-00408 SOM. Defendant was then placed on his second term of supervised release in October 2011, and committed the instant offense in January 2012. ECF No. 258 at PageID.1339; ECF No. 173. During Defendant's sentencing hearing, the court stated that the fact of this prior conviction of a similar nature to the instant offense

> weighs heavily in my decision-making process. And I also look at the fact that his supervised release was revoked. It was shortly after that that he engaged in this conduct. He spent very little time out of prison before he began again to be involved in . . . drug trafficking . . . . So the criminal conduct did escalate. The prior

9

> conviction and his term on supervised release apparently acted as no deterrence to this defendant. And I fully agree with [the Assistant United States Attorney] that he is an ongoing danger to the community. I have no doubt that if released anytime in the near future he wouldn't hesitate to go back to drug trafficking . . . .
>
> \* \* \*
>
> I believe there is a very significant need to protect the public. He has shown through his deeds, not his words but his deeds, that he's simply unwilling to comply with the laws of our nation.

ECF No. 353 at PageID.3305–3306. Based largely on these facts, the court determined that a sentence of 324 months "is the appropriate sentence taking into account all of the [§] 3553(a) factors and the parsimony clause."[5] *Id.* at PageID.3307.[6]

The court's concern is the same now as it was when Defendant was sentenced—Defendant poses a high risk for recidivism, with a resulting danger to the community. After a full consideration of the § 3553(a) factors and the parsimony clause, the court determines that a reduction in Defendant's sentence of 36 months is warranted. That is, the court reduces Defendant's sentence from 324

---

[5] Under the parsimony clause, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a). In short, the purposes of sentencing include retribution, deterrence, incapacitation, and rehabilitation. *Id.*

[6] In reaching the 324-month sentence, the court also took into consideration mitigating factors, including Defendant's difficult and traumatic childhood and that he had support from his adoptive parents. *See* ECF No. 353 at PageID.3304; ECF No. 258 at PageID.1342–1343.

months incarceration to 288 months incarceration.  Any further reduction would be inconsistent with the § 3553(a) factors and the parsimony clause.

## IV.  <u>CONCLUSION</u>

Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c) is GRANTED in part.  It is further ordered that:

1. Defendant's sentence of incarceration is reduced from 324 to 288 months; and

2. Upon release from custody, Defendant shall commence serving his ten-year term of supervised release and shall abide by all mandatory, standard, and special conditions of supervision as previously ordered by the court.  *See* ECF No. 259 at PageID.1363.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge