IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACOB DRUMMONDO-FARIAS,　(1)<br><br>　　　　　Defendant. | Civ. No. 12-00174 JMS<br><br>ORDER DENYING DEFENDANT'S "MOTION TO RECUSE DISTRICT JUDGE J. MICHAEL SEABRIGHT," ECF NO. 405 |

### ORDER DENYING DEFENDANT'S "MOTION TO RECUSE DISTRICT JUDGE J. MICHAEL SEABRIGHT," ECF NO. 405

## I. INTRODUCTION

Pro se Defendant Jacob Drummondo-Farias ("Defendant") seeks this court's recusal from his criminal case, Cr. No. 12-00174. ECF No. 405 ("Motion to Recuse"). For the reasons that follow, the Motion to Recuse is DENIED.

## II. DISCUSSION

This Order does not recite the long history of this case, but instead discusses the limited issue raised in the Motion to Recuse. This discussion requires some background of two separate cases involving Defendant, Cr. No. 02-

00408 ("the 2002 case") and Cr. No. 12-00174 ("the instant case").[1]

In the 2002 case, *United States v. Jacob Drummondo-Farias*, Cr. No. 02-00408, Defendant was indicted with drug-related offenses on October 9, 2002, pled guilty to two counts on May 19, 2003, and was sentenced by Judge Susan Oki Mollway on May 3, 2004 to 108 months of incarceration. *See* ECF Nos. 1, 24, and 41 in Cr. No. 02-00408.

Fast forward—on February 9, 2012, Defendant was indicted in the instant case for drug-related offenses, Cr. No. 12-00174. Defendant was convicted after a jury verdict on November 14, 2013, and on February 27, 2014, the court sentenced Defendant to a 324-month term of imprisonment, followed by a ten-year term of supervised release. *See* ECF Nos. 240, 259.[2] On August 5, 2015, the Ninth Circuit affirmed his conviction and sentence, and the Supreme Court denied certiorari on January 27, 2016. *See United States v. Drummondo-Farias*, 622 F. App'x 616 (9th Cir. Aug. 6, 2015) (mem.), *cert. denied*, 577 U.S. 1109 (2016).

On January 23, 2017, Defendant filed a Motion under 28 U.S.C.

---

[1] Unless otherwise stated, all ECF references in this Order are to the instant case.

[2] Because Defendant was on supervised release in the 2002 case at the time of the alleged offenses in the instant case, Judge Mollway issued a Probation Form 12C, requiring Defendant to show cause why his supervision should not be revoked in the 2002 case. ECF No. 53 in Cr. No. 02-00408. Because the instant case was assigned to this court, the 2002 case was transferred to this court on January 16, 2014, so that both cases would be before the same judge. ECF No. 55 in Cr. No. 02-00408. Ultimately, this court imposed a sentence of 12 months based on a violation of supervised release in the 2002 case, with that sentence to run concurrent to the sentence imposed in the instant case. ECF No. 58 in Cr. No. 02-00408. To be clear, this Order does not address whether this court should have recused in the 2002 case, but only addresses whether recusal is warranted in the instant case.

§ 2255, ECF No. 307, which the court denied on June 1, 2018. *See* ECF No. 339; *United States v. Drummondo-Farias*, 2018 WL 2471449 (D. Haw. June. 1, 2018).

On March 31, 2017, Defendant filed a "Motion for Recusal of Judge," seeking the removal of the undersigned from the instant case. Because that motion was brought under 28 U.S.C. §§ 144 and 455, the motion was referred to another judge. *See* ECF Nos. 319 and 321. Judge Leslie E. Kobayashi denied that motion on May 4, 2017. ECF No. 323.

Defendant has also filed two motions for compassionate release in 2020 pursuant to 18 U.S.C. § 3582(c)(1)(A), both of which were denied by this court and affirmed on appeal. *See* ECF Nos. 363, 369, 377, 378, 391.

Next, on June 2, 2025, Defendant filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 782 and 821." ECF No. 393. On June 30, 2025, the court granted that Motion in part, finding that Defendant was eligible for a reduced sentence under Guideline Amendment 782, but not under Amendment 821 ("June 30 Order"). ECF No. 398 at PageID.3728–3729. Defendant's sentence was reduced from 324 months to a new sentence of 288 months. *Id*. at PageID.3729. After the June 30 Order was issued, Defendant filed three additional motions: (1) a Motion for Compassionate Release; (2) a Motion for Reconsideration of the court's June 30 Order; and (3) the Motion to Recuse. ECF Nos. 401, 404, and 405. He also

filed a "Supplement" to the Motion for Reconsideration and the Motion to Recuse. ECF No. 407. This Order only addresses the Motion to Recuse.

In the Motion to Recuse, Defendant points out—correctly—that the undersigned was employed in the United States Attorney's Office for the District of Hawaii during the time of the prosecution in the 2002 case. Defendant claims that this court's "impartiality may reasonably be questioned based on a demonstrated pattern of bias, refusal to weigh key facts and legal issues fairly, and ongoing appearance of partiality in rulings affecting Defendant." ECF No. 405 at PageID.3777. Defendant also claims that the 2002 case and the instant case "are interlinked in history and substance," and thus the court should recuse from the instant case. *Id*.

Defendant moves for disqualification under 28 U.S.C. § 455,[3] which provides in part:[4]

---

[3] Even liberally construed, Defendant's Motion to Recuse is not brought under 28 U.S.C. § 144. First, the Motion to Recuse does not cite or refer to § 144. Second, Defendant submitted no affidavit in support of his Motion to Recuse, a specific requirement of § 144. And finally, by its plain language, "[a] party may file only one such affidavit in any case." As set forth above, Defendant has already filed a § 144 motion, accompanied by an affidavit, and thus cannot file another. *See* ECF Nos. 319 and 321.

[4] A § 455 motion must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *Id*. (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985)). Thus, this court will rule on the Motion to Recuse.

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party[.]
>
> \* \* \*
>
> > (3) Where he served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

Under § 455(a) and (b)(1), "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (alterations, citations, and quotation marks omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 1162 (2016). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer . . . who understand[s] all the relevant facts and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (internal citations and quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

5

unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Under § 455(b)(3), a judge is required to disqualify "only when the case before him is the same as or is related to the case which was within his jurisdiction as prosecuting attorney." *United States v. Silver*, 245 F.3d 1075, 1079 (9th Cir. 2001) (quoting *Jenkins v. Bordenkircher*, 611 F.2d 162, 165 (6th Cir. 1979)). Where a judge was involved as a prosecutor on an earlier case that is used only for purposes of sentencing in the new case, recusal in the new case is not warranted. *Id.* at 1080.

The court begins with § 455(a) and (b)(1). Defendant claims that this court has ruled in favor of the government on every contested issue post-sentencing, has failed to acknowledge Defendant's post-offense rehabilitation, declined to consider the alleged misconduct of a government agent, and ignored an affidavit submitted to the court. ECF No. 405 at PageID.3778. First, Judge Kobayashi previously denied Defendant's motion to recuse this court based on many of the same arguments. *See* ECF No. 323. But regardless of that prior order, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (internal citation omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). And a judge's opinions, formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. In short, Defendant's disagreement with this court's ruling is not a ground for a motion to disqualify.

Defendant's second argument, that the court's prior employment as an Assistant United States Attorney during the prosecution of Defendant in the 2002 case, likewise fails. Although Defendant claims that the two cases "are interlinked

7

in history and substance," in fact they are not.  Although both involve drugs offenses, they are separated in time by approximately a decade, with the 2002 case charging offenses occurring in 2002 and the instant case charging offenses occurring in 2012.  In the instant case, the earlier conviction was relevant only to Defendant's criminal history computation under the Guidelines and as a factor for the court to consider at sentencing.  *See* ECF No. 258 at PageID.1339–1340.  Here, as in *Silver*, the two prosecutions are not related in a way that requires recusal in the instant case.  *See also United States v. Outler*, 659 F.2d 1306, 1312–13 (5th Cir. 1981) (finding that recusal is only necessary if the "two proceedings have a common, single transaction or event at issue").  The fact that the 2002 conviction was considered in the guideline calculation and as an aggravating factor at sentencing is insufficient to require recusal.  *See Silver*, 245 F.3d at 1080; *United States v. Hunt*, 2022 WL 4016845, at *4 (D. Or. Sept. 2, 2022).

### III.  **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Recuse, ECF No. 405, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge