IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 12-00174 JMS-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 418 |
| JACOB DRUMMONDO-FARIAS (1), | |
| Defendant. | |

# ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 418

## I. INTRODUCTION

Before the court is pro se Defendant Jacob Drummondo-Farias's ("Defendant") September 15, 2025 fourth Motion for Compassionate Release ("Motion").[1]  ECF No. 418.  Defendant fails to demonstrate an extraordinary and

---

[1] Defendant filed his first Motion for Compassionate Release on April 28, 2020, which was denied on May 19, 2020.  ECF Nos. 363, 369.  Defendant then filed his second Motion for Compassionate Release on July 28, 2020, which was denied on July 31, 2020.  ECF Nos. 377, 378.  The Ninth Circuit affirmed the denial of these first two motions on August 6, 2021.  ECF No. 391.  Next, defendant filed his third Motion for Compassionate Release on July 7, 2025, which the court denied on August 8, 2025, based on a failure to exhaust administrative remedies.  ECF Nos. 401, 412.

     Defendant captioned his current Motion as a "Supplemental Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)."  Liberally construed, it appears that Defendant is filing a new Motion for Compassionate Release, but is also attempting to incorporate all of his prior filings, including addressing his third Motion for Compassionate Release.  Given Defendant's pro se status, the court considers the following filings to be incorporated into the present Motion:  ECF Nos. 401, 404, 406, 407, 411, 413, 416, and 418.

(continued . . .)

compelling reason to reduce his sentence, and, in any event, the court would deny the Motion based on a consideration of the relevant 18 U.S.C. § 3553(a) factors. Accordingly, as discussed below, Defendant's Motion is DENIED.

## II. BACKGROUND

Defendant was convicted by a jury on November 14, 2013, of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine). *See* ECF Nos. 240 (jury verdict), 259 (judgment). On February 27, 2014, the court sentenced him to a 324-month term of imprisonment, followed by a ten-year term of supervised release. ECF No. 259 at PageID.1362–1363. On August 5, 2015, the Ninth Circuit upheld his conviction and sentence, and the Supreme Court denied certiorari on January 27, 2016. *See United States v. Drummondo-Farias*, 622 Fed. Appx. 616 (9th Cir. Aug. 6, 2015) (mem.), *cert. denied*, 577 U.S. 1109 (2016).

On January 23, 2017, Defendant filed a Motion under 28 U.S.C. § 2255, ECF No. 307, which the court denied on June 1, 2018. *See* ECF No. 339; *United States v. Drummondo-Farias*, 2018 WL 2471449 (D. Haw. June. 1, 2018). On April 25, 2019, the Ninth Circuit denied a request for a certificate of

---

Further, the court considers the government's responses, ECF Nos. 403 and 420, and the Defendant's reply, ECF No. 422.

appealability.  *See* ECF No. 352; *United States v. Drummondo-Farias*, 2019 WL 2912211 (9th Cir. Apr. 25, 2019).[2]

Next, on June 2, 2025, Defendant filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and U.S. Sentencing Guidelines Amendment 782 and 821."  ECF No. 393.  On June 30, 2025, the court granted that motion in part, finding that Defendant was eligible for a reduced sentence under Guideline Amendment 782, but not under Amendment 821.  ECF No. 398.  Defendant's sentence was reduced from 324 months to a new sentence of 288 months.  *Id*.

Defendant is 42 years old and presently incarcerated at FCI Sheridan FCI with a projected release date of July 10, 2031.  *See* Find an Inmate, https://www.bop.gov/inmateloc/ ("Find By Name" entering "Jacob Drummondo-Farias"), (last visited October 23, 2025).

The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

---

[2] Defendant also filed a petition under 28 U.S.C. § 2241 in the Central District of California on July 20, 2019, which was dismissed for lack of jurisdiction.  *See Drummondo-Farias v. Ponce*, 2019 WL 6221399 (C.D. Cal. Oct. 2, 2019), *report and recommendation adopted*, 2019 WL 6218951 (C.D. Cal. Nov. 20, 2019).

## III.  DISCUSSION

A.  **Legal Standard**

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  "As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'"  *Wright*, 46 F.4th at 944–45 (internal citations omitted).  "[C]ompassionate release is not sentencing or resentencing.  The focus of compassionate release proceedings is not on what sentence is most appropriate given the defendant's background and crime; it is on whether new circumstances warrant discretionary relief."  *United States v. Bryant*, 144 F.4th 1119, 1128 (9th Cir. 2025)

But the FSA itself does not define "extraordinary and compelling reasons."  "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'"  *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

United States Sentencing Commission Policy Statement § 1B1.13(a) states, in relevant part, that a court may grant a motion for compassionate release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court determines that: extraordinary and compelling reasons warrant the reduction; the defendant "is not a danger to the safety of any

other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with [§ 1B1.13's] policy statement."

Section 1B1.13 then sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence: (1) certain medical circumstances; (2) age coupled with health issues; (3) certain family circumstances; (4) being a victim of sexual or physical abuse while in custody; (5) other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4)[3]; and (6) an unusually long sentence. Further, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason. . . . However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" in determining whether and to what extent to reduce a term of incarceration. Guidelines § 1B1.13(d). "Courts are bound by § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)" and thus a defendant is

---

[3] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity . . . ." Supplement to USSG App. C, amend. 814, p. 207 (Nov. 1, 2023). Regardless, the Ninth Circuit has described this exception as "narrow." *United States v. Bryant*, 144 F.4th 1119, 1126 (9th Cir. 2025).

ineligible for compassionate release if he does not meet the showing required under § 1B1.13. *Bryant*, 144 F.4th at 1124 (internal quotation marks omitted).[4]

And although the court must consider "extraordinary and compelling" reasons and the § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations, emphasis, and footnote omitted). Thus, a district court may deny a compassionate release motion based solely on a defendant's failure to show an "extraordinary and compelling" reason for release

---

[4] Defendant argues that under *Concepcion v. United States*, 597 U.S. 481 (2022), there is no limitation on the information that the court may consider in determining if a defendant has shown extraordinary and compelling reasons. *See, e.g.*, ECF No. 418-1 at PageID.3861–3863. But *Concepcion* involved the imposition of a reduced sentence under § 404(b) of the FSA, not § 3582(c)(1)(A). In fact, *Concepcion* recognized that for certain sentencing modifications, including ones brought under § 3582(c)(1)(A), "Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." *Id.* at 495. In short, the court is bound by Guideline § 1B1.13 in determining whether Defendant has demonstrated an extraordinary and compelling reason to justify a sentence reduction.

under § 1B1.13.  "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A).  *Keller*, 2 F.4th at 1284.  "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive."  *Wright*, 46 F.4th at 947 (citing *Keller*, 2 F.4th at 1284).  "This structure necessarily dictates that a court may deny compassionate release at any stage of the § 3582(c)(1)(A) pipeline."  *Id.*

**B.**   **Exhaustion of Administrative Remedies**

To satisfy § 3582(c)(1)(A)'s exhaustion requirement—a mandatory claim processing rule—a defendant must submit a request to the BOP that explains the basis for the relief sought and provides a proposed release plan.  *See* 28 C.F.R. § 571.61(a)(1)–(2); *Keller*, 2 F.4th at 1282.  Here, Defendant has exhausted his administrative remedies.  *See* ECF No. 418 at PageID.3859.

**C.**   **Defendant Does Not Present an Extraordinary and Compelling Reason, or a Combination of Such Reasons, Warranting Early Release**

Defendant asserts that the court should grant his motion for compassionate release based on a totality of circumstances, including: (1) prosecutorial and law enforcement misconduct and vindictive prosecution, *see, e.g.*, ECF Nos. 401 at PageID.3742, 404 at PageID.3770, 411 at PageID.3813, 413 at PageID.3830, and 418 at PageID.3859; (2) ineffective assistance of counsel based on his trial counsel's failure to relay a plea agreement offer to him, *see e.g.*,

8

ECF Nos. 401 at PageID.3742, 404 at PageID.3770, 411 at PageID.3813, 413 at PageID.3830, and 418 at PageID.3859; (3) that he faced a twenty-year mandatory minimum at sentencing, but if sentenced today he may face a lesser mandatory minimum, ECF No. 401 at PageID.3742; (4) the justice system has historically oppressed Native Hawaiians, *see e.g.*, ECF Nos. 401 at PageID.3743 and 404 at PageID.3770; (5) amendments to the Sentencing Guidelines eliminating purity-based considerations in determining the base offense level for methamphetamine offenses, *see e.g.*, ECF Nos. 406 at PageID.3781, 416 at PageID.3845, and 418 at PageID.3859–3860;[5] (6) that he should not have received a "leadership enhancement" under the guidelines at sentencing, *see e.g.*, ECF No. 422 at PageID.3884; (7) sentencing disparity, *see e.g.*, ECF Nos. 406 at PageID.3783, 407 at PageID.3790–3791, 413 at PageID.3829–3830, and 418 at PageID.3860; and (8) his post-sentence rehabilitation and growth, *see e.g.*, ECF Nos. 401 at PageID.3741–3742, 404 at PageID.3770, 411 at PageID.3813, 407-3 at PageID.3796, and 413 at PageID.3830.

---

[5] Defendant claims that the "Sentencing Commission has formally adopted an amendment, effective November 1, 2025, which reduces the mandatory minimum penalties for certain methamphetamine offenses." ECF No. 418 at PageID.3860. Defendant is mistaken—the Sentencing Commission has not proposed such an amendment to Congress. *See United States v. Leano*, 2025 WL 2534419, at *2 (D. Haw. Sept. 3, 2025); *see also* Amendments to the Sentencing Guidelines, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2025 [https://perma.cc/WYU6-SMX6]. Instead, the amendments apply to a guideline reduction based on a mitigating role adjustment under § 3B1.2. *See* Amendments to the Sentencing Guidelines, *id.*

Here, Defendant largely fails to demonstrate the applicability of any of the bases constituting extraordinary and compelling reasons as set forth in § 1B1.13. *Bryant*, 144 F.4th at 1124 (finding that a defendant is ineligible for compassionate release if he does not meet the showing required under § 1B1.13). He presents neither evidence nor argument concerning (1) certain medical circumstances; (2) age coupled with health issues; (3) certain family circumstances; (4) being a victim of sexual or physical abuse while in custody; or (5) other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4).

Defendant may be arguing that a change in the applicable mandatory minimum is an extraordinary and compelling reason under § 1B1.13(6). That provision states that if a defendant received an unusually long sentence and has served at least ten years of that sentence, a change in the law (other than a guideline amendment not made retroactive) may be considered in determining if a defendant has shown extraordinary and compelling reasons if the change in law would produce a gross disparity between the sentence being served and the sentence that would likely be imposed at the present time under the changed law.

Defendant claims that the "20-year mandatory minimum imposed at sentencing was based on an outdated [21 U.S.C.] § 851 enhancement law. Under today's law, the qualifying prior may not trigger such a harsh minimum" and that

10

the "First Step Act narrowed the definition of a 'serious drug felony,' and if sentenced today, Mr. Drummondo-Farias may have faced" a lesser sentence. ECF No. 401 at PageID.3742.

Defendant is partly correct. On February 10, 2012, the United States filed a Special Information under 21 U.S.C. § 851, relying on a prior conviction under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) in the United States District Court for the District of Hawaii. *See* ECF No. 25; ECF No. 258 at PageID.1339. Based on the filing of this information, at the time of his sentencing in 2014 Defendant faced a mandatory minimum of 20 years under 21 U.S.C. §§ 841(b)(1)(A) and 851. ECF No. 258 at PageID.1346. If sentenced today, although the prior conviction would still qualify as a "serious drug offense" under § 841(b)(1)(A)[6], the mandatory minimum would be 15, not 20, years. *See* 21 U.S.C. § 841(b)(1)(A).

But this five-year difference in the mandatory minimum provides Defendant with no relief under § 1B1.13(6)—the change in the mandatory minimum from 20 years to 15 years did not produce a "gross disparity" between

---

[6] A "serious drug felony" under the current law is an offense described in 18 U.S.C. § 924(e)(2) if the defendant served a term of imprisonment of more than 12 months and the defendant's release from any term of imprisonment was within 15 years of the commencement of the instant case. 21 U.S.C. § 802(58). In turn, § 924(e)(2) defines "serious drug offense" as an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed by law. Here, all of these conditions are met. *See* ECF No. 258 at PageID.1339–1340 (showing that, for the prior conviction, defendant served more than one year in custody, and was released from custody well within the 15-year period); 21 U.S.C. § 841(b)(1)(B) (setting the maximum term of imprisonment under § 841(b)(1)(B) at 40 years).

the sentence being served and the sentence that would likely be imposed at the present time under the changed law. In fact, because the court sentenced above the mandatory minimum, the change in law had no impact on Defendant's sentence.

In 2014, the court imposed a sentence of 324 months with a Guideline range of 324 to 405 months, based on a total Guideline offense level 39 and criminal history category III. *See* ECF No. 353 at PageID.3295–3296; ECF No. 259 at PageID.1362. In 2025, the court reduced that sentence to 288 months based on Guideline Amendment 782, which reduced Defendant's total offense level by two levels, resulting in a new offense level 37, criminal history category III, with a corresponding advisory guideline range of 262 to 327 months. ECF No. 398 at PageID.3733. In both instances, the court sentenced Defendant to a period of incarceration in excess of either 20 or 15 years. At the time of the original sentencing in 2014, and at the time the court reduced Defendant's sentence in 2025, the court was of the view that a sentence in excess of the mandatory minimum was appropriate. And when the court reduced Defendant's sentence in 2025, the court analyzed the relevant § 3553(a) factors and the parsimony clause and determined that a sentence of 288 months—a full 108 months in excess of the 15-year mandatory minimum—was the appropriate sentence. *Id*. at PageID.3736–3738. Given this background, the change in the mandatory minimum from 20 to 15 years did not produce any disparity, let alone a gross one.

In short, Defendant has failed to show any extraordinary or compelling reasons, or a combination of such reasons, under Guideline § 1B1.13. And without making such a showing, he is not entitled to the relief he seeks. *See Bryant*, 144 F.4th at 1124 (stating that a defendant is ineligible for compassionate release if he does not meet the showing required under § 1B1.13).

### D.      The Relevant § 3553(a) Factors Do Not Support Granting the Motion

The court further finds that the Motion should be denied based on a consideration of the § 3553(a) factors. Relevant § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

Here, as the court stressed during sentencing, there is one significant aggravating factor—the instant offense is Defendant's second federal drug

conviction. In May 2004, Defendant was sentenced in the District of Hawaii to 108 months imprisonment based on convictions for two counts of possession with intent to distribute 5 grams or more of methamphetamine. ECF No. 258 at PageID.1339. Defendant began a term of supervised release in September 2010, which was revoked in February 2011 based on various violations, including failing to participate in substance abuse treatment and being untruthful with his probation officer. *Id*. at PageID.1339–1340; ECF No. 44 in Cr. No. 02-00408 SOM. Defendant was then placed on his second term of supervised release in October 2011, and committed the instant offense in January 2012. ECF No. 258 at PageID.1339; ECF No. 173. During Defendant's sentencing hearing, the court stated that the fact of this prior conviction of a similar nature to the instant offense

> weighs heavily in my decision-making process. And I also look at the fact that his supervised release was revoked. It was shortly after that that he engaged in this conduct. He spent very little time out of prison before he began again to be involved in . . . drug trafficking . . . . So the criminal conduct did escalate. The prior conviction and his term of supervised release apparently acted as no deterrence to this defendant. And I fully agree with [the Assistant United States Attorney] that he is an ongoing danger to the community. I have no doubt that if released anytime in the near future he wouldn't hesitate to go back to drug trafficking . . . .
>
> \* \* \*
>
> I believe there is a very significant need to protect the public. He has shown through his deeds, not his words

> but his deeds, that he's simply unwilling to comply with
> the laws of our nation.

ECF No. 353 at PageID.3305–3306.  Based largely on these facts, the court determined that a sentence of 324 months "is the appropriate sentence taking into account all of the [§] 3553(a) factors and the parsimony clause." *Id*. at PageID.3307.

The court's concern is the same now as it was when Defendant was sentenced—Defendant poses a high risk for recidivism, with a resulting danger to the community.  Any further reduction in Defendant's sentence would be inconsistent with the § 3553(a) factors and the parsimony clause.

## IV.  CONCLUSION

Defendant's Motion for Compassionate Release, ECF No. 418, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 23, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge